IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A. MAXIE, pro se,        )
                                 )
Plaintiff,                       )
                                 )
vs.                              )   NO. 3:09-CV-520
                                 )
INDALEX, INC.,                   )
                                 )
Defendant.                       )

## OPINION AND ORDER

This matter is before the Court on the Application to Proceed Without Prepayment of Fees and Affidavit, filed by Michael A. Maxie on November 3, 2009. For the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* as a nonprisoner is **DENIED.** The Clerk is **ORDERED** to **DISMISS** Plaintiff's complaint pursuant to 28 U.S.C. Section 1915(e)(2)(B) because it is barred by the doctrine of *res judicata* and because it is frivolous or malicious.

BACKGROUND

Michael A. Maxie ("Maxie"), a *pro se* plaintiff, submitted a complaint under 42 U.S.C. § 1983. In this complaint, Maxie presents the same claims against the same defendant as he presented in *Maxie v. Indalex,* Inc., 3:07-CV-390 (N.D. Ind. filed August 22, 2007). As in Case No. 3:07-CV-390, in this case, Maxie explains that he was an

employee of Indalex, Inc., and that he was discriminated against on the basis of his race. Specifically, he explains that he was the only Afro-American in his department that had to work harder. He also complains that he did not receive holiday pay on labor day, September 2006, and that white and Hispanic employees received such pay.

DISCUSSION

Pursuant to 28 U.S.C. section 1915(e)(2), federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989), *cert. Denied*, 495 U.S. 934 (1990). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton*, 504 U.S. at 32. A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

The claims presented in this case and the defendant sued are the same as the ones in the complaint filed by Michael A. Maxie in *Maxie v. Indalex,* 3:07-CV-390 (N.D. Ind. filed August 22, 2007). All federal claims in that case were dismissed with prejudice on March 16,

2009. The Seventh Circuit has found that under the doctrine of *res judicata*:

> [A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks and citations omitted). Here the parties are exactly the same; the causes of action are the same; and a final judgment was rendered by this Court, with prejudice as to the federal claims, less than two months ago. Bringing the same dismissed claims against the same defendants is not only barred by the doctrine of *res judicata*, it is legally frivolous and malicious.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is barred

by the doctrine of *res judicata* and because it is frivolous or malicious.

**DATED: January 7, 2010**               /s/RUDY LOZANO, Judge
                                         **United States District Court**